UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:13-cv-1021 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's motion for temporary restraining order is presently before the court. (ECF No. 15.) Plaintiff seeks a court order excluding plaintiff from being housed in a side-by-side bed cell, and requiring prison officials to (a) house plaintiff in a single cell, (b) modify prison policy to refrain from housing any physically disabled inmate in side-by-side bed cells; (c) provide plaintiff with his television while he is housed in administrative segregation, (d) issue plaintiff his rules violation report ("RVR") 115, Log No. C-13-06-051, which apparently resulted in the alleged deprivation of plaintiff's television, (d) refrain from retaliating against plaintiff because of this action; and (e) train all "administrative officials" at California State Prison, Sacramento ("CSP-SAC") as to the

1

requirements of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (ECF No. 15.) Plaintiff is presently housed in administrative segregation, and is not housed in a side-by-side bed cell.

Upon review of plaintiff's motion and supporting documents, as set forth more fully below, the court finds that plaintiff's motion is denied without prejudice.

Operative Complaint

This action is proceeding on plaintiff's RA and Eighth Amendment claims against defendant Haring, based on defendant Haring's alleged insistence on housing plaintiff in side-by-side bed cells, and allegedly placing plaintiff in a small cage and forcing plaintiff to stand on an injured knee for over seven hours. (ECF No. 8 at 3.) This action is also proceeding on plaintiff's equal protection claims against defendants Virga, Deroco, and Clough, based on their alleged discriminatory practice of racially classifying all African American inmates as disruptive groups, resulting in lengthy modified programs.[1] These claims arose from incidents that occurred on September 28, 2011, and December 7, 2011. (ECF No. 1 at 5.)

Legal Standard for Injunctive Relief

Plaintiff seeks a temporary restraining order. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, L. R. 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

---

[1] Plaintiff's motion to amend the complaint is pending. (ECF No. 13.) Plaintiff seeks leave to amend to substitute named defendants as to plaintiff's RA, Eighth Amendment and equal protection claims, and to add First Amendment claims as to defendants Haring and Virga. (Id.)

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395

U.S. 100 (1969).

Analysis

    Class Action

In his motion, plaintiff includes a section entitled "class certification," and claims that all inmates who suffer from physical ailments should not be subject to the policy of side-by-side bed cells. Plaintiff seeks injunctive relief as to such inmates. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Plaintiff's motion, therefore, is construed as a motion for injunctive relief solely as to plaintiff. To the extent plaintiff seeks to have this action proceed as a class action, such request is denied.

    New Claims

The purpose of preliminary injunctive relief is to maintain the status quo. "A preliminary injunction may not issue when it is not of the same character as that which may be granted finally and when it deals with matters outside the issues in the underlying suit." 11A Wright & Miller § 2947 (2010).

In the underlying complaint, plaintiff challenges concrete actions taken in 2011. In the instant motion, plaintiff challenges the prison's policy of housing disabled prisoners in side-by-side bed cells, as well as the deprivation of his television which appears to have occurred sometime in August of 2013. Plaintiff seeks return of his television, and the RVR which apparently resulted in the deprivation of his television, and challenges the policy underlying side-by-side bed celling for himself and disabled inmates. However, as set forth above, such claims are not at issue in this action. Plaintiff concedes that such claims are not included in the proposed amended complaint. (ECF No. 15 at 16.) Because plaintiff's claims in the instant motion will not

4

receive a trial on the merits in this action, plaintiff's motion is denied without prejudice.

As of September 10, 2013, plaintiff alleges that he was deprived of his television for over 30 days, and notes that prison officials are aware that he was recently treated for suicidal ideation. (ECF No. 15 at 15.)  The court is concerned about plaintiff's claim that he has been deprived of his television for over thirty days in light of his serious mental illness.  However, the court cannot address a claim not contained within the operative complaint.  The facts underlying this claim are unrelated to plaintiff's claims in this action, and occurred long after the incidents at issue herein; thus, plaintiff must file a new civil rights action to address such a claim.  The Clerk of the Court is directed to send plaintiff the form for filing a § 1983 action.  Moreover, exhaustion of administrative remedies is a prerequisite for all prisoner suits regarding conditions of confinement, and is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Plaintiff can avoid further delay by first exhausting his administrative remedies in connection with his claim concerning the deprivation of his television.[2]  The purpose of such administrative remedies is to provide prison officials an opportunity to provide relief before a federal court action is filed.

Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

---

[2] Plaintiff may also wish to contact counsel in Coleman v. Wilson, 912 F.Supp. 1282 (E.D. Cal. 1995), or enlist the assistance of his mental health providers to obtain return of his television.

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court notes that plaintiff is articulate and has filed well-drafted documents. Moreover, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for temporary restraining order is denied without prejudice;

2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

3. Plaintiff's motion for appointment of counsel is denied.

Dated: September 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cole1021.tro