UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1021 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 28, 2013, the court screened plaintiff's complaint and dismissed certain claims with leave to amend, and found other claims potentially cognizable. On September 3, 2013, plaintiff filed a motion to amend, which appears to have crossed in the mail with this court's August 28, 2013 order. On September 5, 2013, plaintiff filed a request, noting that rather than amend pursuant to his September 3, 2013 motion, plaintiff elected to proceed with the defendants allowed under the court's August 28, 2013 order, but sought leave to amend to conform the pleading with "evidence attached to the complaint." (ECF No. 13 at 1.) Plaintiff submitted an amended complaint on September 5, 2013. (ECF No. 17.)

////

1

As set forth more fully below, the court finds that plaintiff's second motion to amend is granted, but the amended complaint is dismissed, the August 28, 2013 order directing plaintiff to submit documents for service of process is vacated, and plaintiff is granted leave to file a second amended complaint that complies with this order.

Motions to Amend

Because plaintiff's first motion to amend crossed in the mail with the court's screening order, and in light of plaintiff's subsequent request to amend, the court finds the first motion to amend moot. The court construes plaintiff's request for amendment to conform to the evidence (ECF No. 13) as plaintiff's second motion to amend. Plaintiff claims that he seeks to dismiss various defendants from several claims for relief, change his Eighth Amendment claim from a failure to protect claim to a denial of outdoor exercise claim against defendants Virga, Deroco, and Clough, and add a new claim alleging defendants Haring and Virga violated plaintiff's First Amendment rights. These claims arose from incidents that occurred on September 28, 2011, and December 7, 2011, while plaintiff was housed at California State Prison, Sacramento ("CSP-SAC").

> Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:
>
> A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
>
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also L.R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.). Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the

Local Rules of the Eastern District of California.

Plaintiff's second motion to amend is granted, and the court now screens the proposed amended complaint. The screening standards were provided in the court's August 28, 2013 order, (ECF No. 8.) A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

From pages 1 through 15, plaintiff's proposed amended complaint is verbatim of the original complaint. Because of this duplication, all of the defendants whom plaintiff agreed to "erase" in his second motion to amend are still included in the proposed amended complaint. Despite plaintiff's changes to the causes of action (ECF No. 17 at 16-22), the inclusion of defendants and causes of action which plaintiff seeks to "erase" makes the proposed amended complaint confusing, and fails to make clear the defendants plaintiff seeks to include. Thus, plaintiff's proposed amended complaint must be dismissed, and plaintiff is granted leave to file a second amended complaint that omits those defendants and causes of action no longer included in plaintiff's operative pleading.

Moreover, in plaintiff's first cause of action, plaintiff again names defendant Virga. Plaintiff fails to state a cognizable civil rights claim against defendant Virga in the first claim for relief because Virga is named solely in his capacity as Warden, under a theory of respondeat superior, and it appears defendant Virga was not involved in assigning plaintiff to a side by side bed, or in the decision to place plaintiff in the cage requiring plaintiff to stand for a prolonged period. By the time plaintiff allegedly put defendant Virga "on notice" of defendant Haring's alleged acts, plaintiff had already sustained his alleged injuries. Thus, plaintiff should not include defendant Virga in connection with the first claim for relief in any second amended complaint.

In his second claim for relief, plaintiff alleges defendants Virga, Deroco, and Clough identified plaintiff as a member of a disruptive group and subjected him to a long term modified program status in violation of his Fourteenth Amendment rights.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Invidious discrimination such as racial segregation, which is unconstitutional outside prisons, is also unconstitutional within prisons. Johnson v. California, 543 U.S. 499, 505-06 (2005) (unwritten policy of placing new or transferred inmates with cellmates of same race during initial evaluations held subject to strict scrutiny). A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison. Id. at 508-10. Prison officials must demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest. Id. at 510-11. In Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010), the Ninth Circuit applied Johnson to hold that racial lockdowns in response to prison disturbances are subject to strict scrutiny, under the following standard: whether "reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances and that the challenged racial classification was the least restrictive alternative (i.e., that any race-based policies are narrowly tailored to legitimate prison goals)." Richardson, 594 F.3d at 671 (citing Johnson, 543 U.S. at 505).

As set forth in this court's prior order, plaintiff failed to include specific charging allegations as to each defendant. That is, plaintiff failed to set forth specific factual allegations

4

showing how each defendant was specifically involved in violating plaintiff's constitutional rights in connection with this second claim for relief. Plaintiff should re-new this claim in any second amended complaint, but should include specific charging allegations as to each named defendant.

In the third claim for relief, plaintiff raises multiple Eighth Amendment claims as to three different defendants.

First, plaintiff alleges defendant Haring subjected plaintiff to cruel and unusual punishment by recklessly disregarding critical information from plaintiff and his prison doctors that plaintiff was at risk of serious injuries if placed in a cell with side by side beds.  (ECF No. 17 at 20 at 19.)  This allegation states a potentially cognizable civil rights claim and should be included in the second amended complaint.

Second, plaintiff alleges defendant Virga was deliberately indifferent to plaintiff's serious medical needs because Virga allegedly failed to take action against defendant Haring once Virga was made aware, via institutional mail, of defendant Haring's "discriminative, arbitrary, and capricious actions." (ECF No. 17 at 20.)  However, as set forth above, it appears that by the time plaintiff notified defendant Virga of defendant Haring's alleged actions, the actions had already occurred; defendant Virga was not involved in Haring's action.  Thus, defendant Virga is named solely in his role as Warden.  Accordingly, plaintiff should not renew this claim against defendant Virga in any second amended complaint.

Third, plaintiff alleges that defendants Virga, Deroco and Clough were deliberately indifferent to plaintiff's serious need for outdoor exercise from December 7, 2011, until February 6, 2012. (ECF No. 17 at 20.)  However, plaintiff failed to name defendant Clough as a defendant in the subtitle of his third cause of action. (ECF No. 17 at 19.)  The allegation contained in the third claim for relief, paragraph 34, states a potentially cognizable Eighth Amendment violation; however, plaintiff must include defendant Clough in the caption of his second amended complaint as well as in the subtitle of his third claim for relief in the second amended complaint.

Finally, in his fourth claim for relief, plaintiff includes two claims alleging that his First Amendment rights were violated by defendants Haring and Virga. First, plaintiff alleges that defendant Haring forced plaintiff to stand on his injured right knee for seven hours in retaliation

5

for plaintiff's filing a grievance against defendant Haring, and because plaintiff wrote a letter to the Warden.  (ECF No. 17 at 21.)

In order to state a claim under 42 U.S.C. § 1983 for retaliation, plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985).  Plaintiff must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995) (there must be probative evidence to establish a crucial link in the logical chain required to support retaliation; timing alone is insufficient).  Plaintiff is required to show that the exercise of his First Amendment rights was chilled, although not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (plaintiff promptly contested the charge against him and won); see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Id., 408 F.3d at 567-68.

The filing of an inmate grievance is protected conduct.  Rhodes, 408 F.3d at 568. However, writing to the warden is not.  Therefore, in any second amended complaint, plaintiff should include the alleged retaliatory acts committed by defendant Haring that were based on the filing of plaintiff's grievance, and provide factual allegations for the five elements set forth above.

Second, plaintiff claims that defendant Virga violated plaintiff's First Amendment rights by implementing a modified program that restricted plaintiff's law library access to the prison's paging system, causing "several pending 42 U.S.C. § 1983 civil complaints" to be dismissed. (ECF No. 17 at 22.)

Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996).  Prison officials are required to "assist inmates in the preparation and filing

6

of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356–57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and 42 U.S.C. § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354–55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.

It appears plaintiff may be able to state a cognizable claim if he can allege dismissal of non-frivolous civil rights claims as a result of defendant Virga implementing the modified program at issue. Plaintiff claims that "several pending" civil rights complaints were dismissed, but he does not describe the complaints with sufficient detail to enable the defendants to determine whether the claims were frivolous or non-frivolous. Plaintiff should renew this claim provided he can allege facts meeting the above standards.

Conclusion

In light of the above, plaintiff's amended complaint is dismissed, and plaintiff is granted leave to file a second amended complaint. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

////

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff need not re-submit exhibits. Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c). Those exhibits previously provided remain on file with the court and may be cited by any party.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to amend (ECF No. 11) is denied as moot;

2. Plaintiff's September 5, 2013 request is construed as a second motion to amend (ECF No. 13) and is granted;

3. Plaintiff's first amended complaint (ECF No. 17) is dismissed;

4. That portion of the August 28, 2013 order directing plaintiff to submit documents for service of process (ECF No. 8 at 15:2-14) is vacated,

////

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and the instant order; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; and

6. Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 4, 2013

/cole1021.amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE