UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN, | No. 2:13-cv-1021 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,, | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On September 24, 2013, the undersigned issued an order denying plaintiff's motion for temporary restraining order. On November 7, 2013, plaintiff filed a memorandum of points and authorities in support of plaintiff's motion for temporary restraining order. (ECF Nos. 19-21.) The court construes plaintiff's memorandum as a request for reconsideration of that order.

      Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties." Id.

      Plaintiff's memorandum was signed on October 31, 2013. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison

1

authorities).  Thus, plaintiff's request for reconsideration was filed over five weeks after the undersigned denied plaintiff's motion on September 24, 2013.  Therefore, plaintiff's memorandum, construed as a request for reconsideration, is untimely, and is denied.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 7, 2013 memorandum (ECF No. 19), construed as a request for reconsideration of this court's September 24, 2013 order (ECF No. 18), is denied.

Dated:  December 4, 2013

/cole1021.851

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Even assuming, *arguendo*, that plaintiff's motion for reconsideration was timely filed, plaintiff's claim that his request for injunctive relief is "linked" to the pending case is unavailing.  In the memorandum, plaintiff claims that he was issued a rules violation on August 5, 2013, which was heard on August 29, 2013, and that a September 28, 2011 rules violation report was re-issued and re-heard on October 11, 2013.  Plaintiff seeks, *inter alia*, to have these rules violation reports expunged.  (ECF No. 19 at 9.)  By separate order, the court screened plaintiff's amended complaint.  The allegations in the instant action (both original complaint and amended complaint) pertain to incidents that occurred in 2011, and do not include a challenge to any rules violation report issued against plaintiff.  Moreover, plaintiff was not granted leave to amend his complaint to allege any such challenge.

  Thus, plaintiff's motion to expunge the rules violation report or reports will not receive a trial on the merits in this action.  In addition, because the hearings on the rules violation reports took place in August and October 2013, after this action was filed on May 22, 2013, plaintiff did not exhaust his administrative remedies to challenge the issuance, re-issuance, or re-hearing of such reports prior to the filing of this action.  Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory, and is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).  Thus, it would be inappropriate to allow plaintiff to amend to add such challenges to this action.