UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-1021 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By separate order, the court screened plaintiff's second amended complaint.[1] Plaintiff's motions for temporary restraining orders are presently before the court. For the reasons set forth below, plaintiff's motions are denied.

---

[1] This action is proceeding on the following claims:  (1) plaintiff's Rehabilitation Act and Eighth Amendment claims against defendant Haring, based on defendant Haring's alleged insistence on housing plaintiff in side-by-side bed cells, and allegedly placing plaintiff in a small cage and forcing plaintiff to stand on an injured knee for over seven hours on September 28, 2011; (2) plaintiff's equal protection claims against defendants Virga, Deroco, and Clough, based on their alleged discriminatory practice of racially classifying all African American inmates as disruptive groups, resulting in lengthy modified programs.  These claims arose from incidents that occurred on September 28, 2011, and December 7, 2011; and (3) plaintiff's Eighth Amendment claims that defendants Virga, Deroco and Clough were deliberately indifferent to plaintiff's serious need for outdoor exercise from December 7, 2011, until February 6, 2012.

1

Legal Standards

Plaintiff seeks a temporary restraining order. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, L. R. 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to

demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Motion for Temporary Restraining Order Against Defendant Haring

Plaintiff seeks to have the August 5, 2013, and October 11, 2013 rules violation reports expunged, or, in the alternative, to modify the finding to reflect that plaintiff's mental illness contributed to the infraction. (ECF No. 19 at 9.)

As noted in the court's screening order, the instant action is proceeding on plaintiff's Rehabilitation Act and Eighth Amendment claims against defendant Haring based on incidents that occurred in September of 2011. Plaintiff did not challenge the 2013 rules violation reports in this action. Because plaintiff is not challenging the 2013 rules violation reports in this action, there would not be a full hearing on the merits of plaintiff's claims raised in his motion when this action goes to trial. Therefore, plaintiff's motion for a temporary restraining order based on the 2013 rules violation reports is denied.

Third Motion for Temporary Restraining Order

On February 19, 2014, plaintiff filed a third motion for temporary restraining order along with his proposed third amended complaint and motion to amend. Plaintiff asks the court to order "CSP-SAC Administrative Officials to not transfer plaintiff, who is severely mentally ill, to any of the department's security housing units," but to "retain him in ad seg" but in "single cell

3

1 status." (ECF No. 28 at 20.) Plaintiff also asks the court to order that plaintiff retain possession
2 of his television set, be provided "single cell status," to exclude plaintiff from being housed in
3 any cells with side-by-side beds occupied by any other inmate, and to order CSP-SAC officials to
4 refrain from retaliating against plaintiff. (ECF No. 28 at 20-21.)

5 Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear
6 showing that the plaintiff is entitled to such relief." Winter, 555 U.S. 7, 22 (2008) (citing
7 Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The purpose of preliminary injunctive relief is
8 to maintain the status quo. "A preliminary injunction may not issue when it is not of the same
9 character as that which may be granted finally and when it deals with matters outside the issues in
10 the underlying suit." 11A Wright & Miller § 2947 (2010).

11 Plaintiff cannot bring new allegations into his suit by means of a motion for a preliminary
12 injunction. Otherwise, plaintiff could circumvent the requirement that he exhaust his
13 administrative remedies by simply bringing new allegations into his suit through such a motion.
14 Plaintiff must also demonstrate that his claims are likely to succeed, but plaintiff's claims cannot
15 succeed if the allegations in his motion for a preliminary injunction were not raised in the
16 operative pleading. See Hunter v. Hazelwood, 2006 WL 925142, at *4 (W.D. Wash. Apr.10,
17 2006) (denying motion for preliminary injunction because it contained new allegations not
18 included in the original complaint that did not involve the defendants and appeared not to have
19 been exhausted administratively).

20 By separate order, plaintiff's motion to amend was denied. In this motion for injunctive
21 relief, plaintiff seeks relief based on various claims not included, and defendants not named, in
22 the operative second amended complaint. In addition, many of plaintiff's current requests were
23 previously denied by the undersigned on September 24, 2013.[2]

---

[2] Indeed, in plaintiff's September 12, 2013 motion, plaintiff sought, *inter alia*, a court order excluding plaintiff from being housed in a side-by-side bed cell, and requiring prison officials to (a) house plaintiff in a single cell, (b) modify prison policy to refrain from housing any physically disabled inmate in side-by-side bed cells; (c) provide plaintiff with his television while he is housed in administrative segregation, (d) issue plaintiff his rules violation report ("RVR") 115, Log No. C-13-06-051, which apparently resulted in the alleged deprivation of plaintiff's television, and (d) refrain from retaliating against plaintiff because of this action. (See ECF No. 18 at 1-2.)

In the second amended complaint, plaintiff challenges concrete actions taken in 2011. In the instant motion, plaintiff challenges the prison's policy of housing disabled prisoners in side-by-side bed cells, his placement in administrative segregation and the security housing unit, as well as the deprivation of his television, most of which appear to have occurred sometime in 2013. None of these claims are at issue in plaintiff's second amended complaint, and therefore will not receive a trial on the merits in this action.[3]

In his motion, plaintiff also discusses the actions taken by defendant Haring in 2011; however, plaintiff fails to demonstrate that defendant Haring has subsequently violated plaintiff's rights or poses a current risk to plaintiff at this time. In addition, although plaintiff has made allegations in his second amended complaint sufficient to state cognizable civil rights violations, plaintiff has not established that he is likely to succeed on the merits of such claims.

For all of these reasons, plaintiff's third motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for temporary restraining order (ECF No. 19) is denied without prejudice; and

2. Plaintiff's motion for temporary restraining order (ECF No. 28) is denied without prejudice.

Dated: March 31, 2014

cole1021.tro2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] In addition, to the extent that plaintiff now seeks relief based on findings in Coleman v. Wilson, 912 F.Supp. 1282 (E.D. Cal. 1995), plaintiff must first exhaust his administrative remedies as to such claims prior to bringing suit in federal court. The Prison Litigation Reform Act (PLRA) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).