UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-1021 JAM KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel.  On August 15, 2014, plaintiff filed an objection to defendants' second request for extension of time in which to file a responsive pleading, and a request for sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.  Defendants have filed a response.

　　　　Plaintiff contends it was unreasonable for defendants to seek a second extension of time based on their statement that documents requested have not yet been received from various appeals offices.  Plaintiff contends that copies of prison inmate's appeals are contained within the prisoner's central file.  Plaintiff notes that defendants based their first request for extension of time on a need to receive documents from plaintiff's central file, but did not mention in their second request that they had not received such documents.  Finally, plaintiff argues that it is clear that plaintiff exhausted his equal protection clause claims and thus no documents concerning

1

exhaustion are required in order for defendants to respond to such claims and defendants should have responded to such claims.  Plaintiff seeks sanctions based on the alleged delay caused by defendants' requests.

    First, as argued by defendants, the court has not yet issued a scheduling order; accordingly, sanctions under Rule 16(f) of the Federal Rules of Civil Procedure are not appropriate.

    Second, plaintiff's motion is not well-taken.  Neither plaintiff nor the court can dictate how defendants' counsel chooses to litigate this case.  Defendants may need documents from both plaintiff's central file, as well as from the appeals offices of the prison.  Moreover, plaintiff's second amended complaint raises claims other than equal protection clause claims.  Defendants are not required to respond piecemeal to plaintiff's complaint.

    The court previously found good cause for both requests for extensions of time.  Nothing in defendants' request suggested that the second extension of time was sought for purposes of delay.  Plaintiff's objections are overruled, and his motion for sanctions is denied.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 42) is denied.

Dated:  August 25, 2014

cole1021.san

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE