UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>  Defendants. | No.  2:13-cv-1021 JAM KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on September 5, 2014. On September 23, 2014, plaintiff filed an opposition, and on October 31, 2014, defendants filed a reply. On April 10, 2015, plaintiff filed a document styled, "Motion for Temporary Restraining Order," which the undersigned construed as a request for additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Despite its tardy filing, the court ordered further briefing on plaintiff's request. On May 6, defendants filed an opposition to plaintiff's request. On May 29, 2015, plaintiff filed a motion for appointment of counsel based on his inability to file a reply. On June 10, 2015, plaintiff filed his reply, and a request for judicial notice. On June 22, 2015, defendants filed a response to plaintiff's motion for counsel, and on June 29, 2015, plaintiff

1

filed a reply to defendants' response. For the reasons set forth below, the undersigned denies plaintiff's request for additional discovery under Rule 56(d), and denies his request for appointment of counsel.

II.  Rule 56(d) Request - Standards

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

III.  The Parties' Positions

In his request, plaintiff seeks an order directing the appeals coordinators to provide him with copies of appeals that he contends pertain to this case. Plaintiff claims that he has made several attempts to obtain copies of appeals filed in SAC-C-12-01326, relating to the December 7,

2

1  2011 incident, and his September 25, 2011 CDCR form 1824, relating to prison officials requiring
2  him to house in a side-by-side bed cell, which plaintiff claims was improperly screened by K.A.
3  Daly and C. Burnett on October 6, 2011.  Plaintiff claims his September 25, 2011 CDCR form
4  602 exhausted his administrative remedies as to his claims against defendant Haring.  Plaintiff
5  argues that had Burnett not improperly screened plaintiff's CDCR Form 1824, such appeal would
6  have satisfied the exhaustion requirement.  Plaintiff objects that defendants did not file a
7  declaration from the appeals coordinator with their reply, but rather objected to plaintiff's
8  evidence.  Plaintiff argues that had defendants provided the court with a complete record of
9  plaintiff's grievances, it would have eliminated any argument of authenticity.  Plaintiff argues that
10  defendants failed to provide a complete accounting of plaintiff's appeals; thus, plaintiff asks the
11  court to order the appeals coordinator to provide plaintiff with a copy of his grievances SAC-C-
12  12-01326 and CDCR Form 1824 dated September 25, 2011.  (ECF No. 55 at 6.)
13       In opposition to the request, defendants argue that plaintiff's request should be denied
14  because the documents plaintiff requests are, or should be, in plaintiff's custody and control, but
15  in any event contend that such unexhausted grievances would not create a genuine dispute of
16  material fact that plaintiff did not properly exhaust his administrative remedies prior to filing the
17  instant action.  Defendants point to plaintiff's declaration in support of his opposition to the
18  motion for summary judgment in which he declares that the documents were screened out, and
19  appended copies of the letters from the appeals coordinator confirming that the documents were
20  being returned to plaintiff.  (ECF No. 46-2 at 1-2; 9-12.)  Defendants argue that "the appeals
21  coordinators office does not keep copies of screened out appeals."  (ECF No. 57 at 3, citing
22  Burnett Decl., ECF No. 57-1 at 3.)
23       Further, defendants contend that the screening out of plaintiff's form 1824 is of no
24  consequence, because plaintiff was informed that he must appeal on the proper form, which
25  plaintiff subsequently filed in Log No. SAC-C-12-0016.  Similarly, plaintiff's appeal SAC-C-12-
26  01326, was screened out with instructions to submit a new CDCR 22 form directly to Program
27  Sergeant for response," and that the 602 could not be processed until the CDCR 22 form was
28  exhausted in its entirety.  (ECF No. 46-2 at 12.)  Defendants argue that plaintiff did not follow

3

1  such instructions and did not resubmit the appeal.  (ECF No. 57 at 5.)  Defendants argue that an
2  inmate does not properly exhaust administrative remedies when appeals are properly screened out
3  under prison regulations.  Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010).  Finally,
4  defendants noted that in the opposition to the motion for summary judgment, plaintiff argued that
5  it was appeal SAC-C-12-002411 that exhausted his claims against defendants Clough, DeRoco,
6  and Virga.  Thus, defendants argue that plaintiff's Rule 56(d) request should be denied.

7    In reply, plaintiff disputes defendants' position that they do not have a copy of his appeal
8  SAC-C-12-01326, because Burnett's declaration states the office "does not *typically* keep copies
9  of rejected or cancelled original 602 appeals or the screen out letters," (ECF No. 57-1 at 3,
10 emphasis added), which means it is within their discretion, not necessarily that they do not have a
11 copy of the appeal.  (ECF No. 62 at 4.)  Plaintiff argues that he was not required to address the
12 screened-out CDCR Form 1824 because it wasn't necessary until defendants objected to its
13 authenticity.  (ECF No. 62 at 4.)  Plaintiff contends that if defendants had provided a complete
14 copy of plaintiff's grievances, it would have avoided the request for additional discovery.
15 Moreover, plaintiff argues that pursuant to a January 3, 2001 amended court order issued in
16 Armstrong v. Davis, No. C-94-02307 CW (N.D. Cal.), defendants should have processed the
17 Form 1824 as a CDC Form 602.  Thus, the Form 1824 was improperly rejected.  Plaintiff
18 acknowledges that the Form 1824 was also rejected for other reasons, but claims that the decision
19 not to re-categorize his Form 1824 to a CDCR 602 is a common practice used to improperly
20 screen out prisoners' grievances.  (ECF No. 62 at 6-7.)  Plaintiff also argues that the First Circuit
21 has found that section 504 of the Rehabilitation Act does not require exhaustion of such claims.
22 (ECF No. 62 at 7-8, citing Kiman v. New Hampshire Dep't of Corrs., 451 F.3d 274, 289-90 (1st
23 Cir. 2006).)  Thus, plaintiff contends his efforts put prison officials on notice of his alleged Title
24 II violations.  (ECF No. 62 at 8.)

25    Plaintiff disputes defendants' characterization of plaintiff following the instructions in the
26 October 6, 2011 letter by filing appeal Log No. SAC-C-12-00016, because plaintiff claims he did
27 not experience Haring's acts until three days later (September 28, 2011).  (ECF No. 62 at 9, citing
28 ////

4

1  ECF No. 25 at 8.)  Plaintiff argues that he was "never given the opportunity to correct or grieve
2  his ARP [Armstrong Remedial Plan] claims."  (ECF No. 62 at 9.)
3        Finally, plaintiff contends that because prison officials misinformed plaintiff that he had to
4  first exhaust the Form 22 process, it rendered the grievance process unavailable.  (ECF No. 62 at
5  10, relying on Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).)  Plaintiff also argues that
6  appeal coordinator Danue's advice that plaintiff must file a Form 22 to the program sergeant was
7  erroneous because a sergeant cannot entertain lockdown/modified program issues, thus
8  warranting a finding that his grievance is exhausted, because such a request must be submitted to
9  the facility captain.  (ECF No. 62 at 11-12, citing Wheeler v. Goord, 2005 WL 2180451, at *6
10 (N.D. N.Y. Aug. 29, 2005) (prisoner erroneously told to "write to sergeant Coffee" to grieve
11 raised an issue whether remedies were available.).)  Thus, plaintiff argues the court should find
12 his equal protection claims are exhausted because administrative remedies were unavailable.
13 IV.  Analysis
14       At bottom, both parties provided evidence demonstrating that the Form 1824 and the
15 appeal Log No. SAC-C-12-01326 were returned to plaintiff.  Plaintiff fails to explain why he did
16 not retain such copies.  The court cannot order defendants to produce documents they do not
17 possess.
18       Moreover, neither document would excuse plaintiff from exhausting his administrative
19 remedies.  First, in order to satisfy 42 U.S.C. § 1997e(a), California state prisoners are required to
20 use the prison's appeal process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548
21 U.S. 81, 86 (2006).  In response to plaintiff's Form 1824, the appeals coordinator advised plaintiff
22 that he must file a 602 appeal, which plaintiff did in appeal Log No. SAC-C-12-00016.  Thus, the
23 alleged mishandling of the Form 1824 is of no consequence.  In addition, plaintiff's reliance on
24 the out-of-circuit case Kiman, 451 F.3d at 289-90, is unavailing because in Kiman, the court was
25 addressing the merits of the prisoner's disability claims, not the question of whether or not the
26 prisoner had first properly exhausted his administrative remedies.
27       Second, plaintiff's claim that the instruction to file a CDCR 22 was erroneous and
28 therefore rendered his administrative remedies unavailable is unpersuasive.  Courts have found

5

that requiring inmates to proceed with the Form 22 requirement is appropriate and permissible. See Coleman v. Hubbard, 2012 WL 3038571, *9 (E.D. Cal., July 25, 2012) (finding that return of plaintiff's submitted 602 for lack of specificity and with instruction to first exhaust the Form 22 process was appropriate and noting that "[w]hile the court has found no explicit authority to support the rejection of an inmate's grievance filed pursuant to CDCR Form 602 for failure to first submit and exhaust a CDCR Form 22, pertinent regulations appear to support this requirement at the discretion of the reviewing official" and that "[a]lthough CDCR's new Form 22 appears to accord substantial discretion to prison officials to decide whether to require a prisoner to complete the Form 22 process before accepting a related Form 602 appeal, such discretion appears to be authorized by the Department's regulations."); see also Ortega v. Ruggiero, 2013 WL 268905, *6-7 (E.D. Cal., Jan. 23, 2013) (concluding that the rejection of plaintiff's second and third level inmate appeals at the first level of review was proper and that plaintiff was not prevented from pursuing his appeals where the appeal coordinator directed plaintiff to submit a Form 22 and plaintiff failed to do so. Also noting that "title 15, § 3086(e)(2) of the California Code of Regulations, specifically authorizes an appeals coordinator to reject an inmate appeal with instructions to complete the request form process before resubmitting an inmate appeal"); McCoy v. County of Riverside, 2015 WL 134285, *4, n.5 (C.D. Cal. Jan.9, 2015) (noting that "[a]lthough prisoners are not required by regulations to submit a Form 22 as a prerequisite to a Form 602 appeal, CDCR's regulations accord substantial discretion to prison officials to decide whether to require a prisoner to complete the Form 22 process before accepting a Form 602 appeal.") (citing Coleman, 2012 WL 3038571 at *9, Cal. Code Regs. tit. 15, § 3084.3(a) and § 3084.3(c)); and Witkin v. Swarthout, 2015 WL 471780, *8 n.3 (E.D. Cal. Feb. 4, 2015) (same).  In light of such authority, the court cannot find that appeal Log No. SAC-C-12-01326 was improperly screened out.  Had plaintiff filed the CDCR 22 request as instructed, he could have re-submitted the appeal.  (ECF No. 57-1 at 3.)

Because plaintiff has not met his burden in seeking relief under Rule 56(d), his request is denied.  Accordingly, plaintiff is not entitled to a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

In light of such finding, plaintiff's request for sanctions, contained within the April 10, 2015 request, is denied.

V.  Request for Judicial Notice

Plaintiff asks the court to take judicial notice of a declaration filed in Coleman v. CDCR, Case No. 1:09-cv-0224 DLB P (E.D. Cal. (Fresno Div.)).  Plaintiff contends that a statement within the declaration of D. Foston, Chief of the Office of Appeals, contradicts a statement made by appeals coordinator C. Burnett, in a declaration filed in support of defendants' opposition to the Rule 56(d) request.

Judicial notice of court records is routinely accepted.  See, e .g., Reyn's Pasta Bella, LLC, 442 F.3d at 746 n.6 (9th Cir. 2006); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).  However, although the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein."  In re Bare Escentuals, Inc. Sec. Lit., 745 F.Supp.2d 1052, 1067 (N.D. Cal. 2010) (in considering defendant's motion to dismiss, the court noticed the existence of unrelated court documents, but would not take judicial notice of the documents for the truth of the matter asserted therein); see also McMunigal v. Bloch, 2010 WL 5399219, *2 n.1 (N.D. Cal. Dec.23, 2010) (granting judicial notice of documents filed in another lawsuit for purposes of noticing the existence of the lawsuit, claims made in the lawsuit, and that various documents were filed, but not for the truth of the matters asserted therein).  Because plaintiff seeks consideration of Foston's declaration for the truth of the matters asserted therein, plaintiff's request for judicial notice is denied.

VI. Request for Appointment of Counsel

On May 29, 2015, plaintiff renewed his request for appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances"

exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 10, 2015 filing (ECF No. 55), construed as a Rule 56(d) request, is denied; and

2. Plaintiff's request for appointment of counsel (ECF No. 60) is denied without prejudice.

Dated: July 21, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cole1021.56d