UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | No.  2:13-cv-1021 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff seeks the "emergency" appointment of counsel because he claims that prison officials at California State Prison, Sacramento ("CSP-SAC") are interfering with his need for single cell housing, confirmed by a 2014 Classification Committee's chrono based on his serious mental illness, which he alleges will result in his placement in administrative segregation ("ad seg") when he refuses to accept a cellmate.  It appears that at the time of this filing, plaintiff was housed in the general population.  Plaintiff adds that the stress of this potential double-cell housing causes him to suffer "countless panic attacks and severe anxiety," and that despite submitting a medical slip to be seen on an emergency basis, he has yet to be seen.  If the court declines to appoint counsel, plaintiff asks the court to order prison officials to provide plaintiff with his legal materials while he is housed in ad seg.

1

Because of the nature of plaintiff's allegations, and the court's concern for plaintiff's mental health, the undersigned has considered whether to construe plaintiff's request for the appointment of counsel to include a request for injunctive relief. As discussed more fully below, the court declines to construe the motion in this way, and declines to appoint counsel at this time.

I. <u>Plaintiff's Claims and Background</u>

In his request, plaintiff claims that California State Prison, Sacramento ("CSP-SAC") "administration" personnel are retaliating against plaintiff because plaintiff exercises his First Amendment right to file grievances and civil rights complaints against prison officials, resulting in significant harm to plaintiff's mental and physical well-being. Plaintiff states that in 2014, he was placed on single-cell status by the Classification Committee for mental health reasons and pending a mental health evaluation, but claims that such evaluation has not occurred. (ECF No. 74 at 2.) In February of 2015, a Classification Committee reported that plaintiff was double-cell cleared, but alerted the receiving institution to which plaintiff is to be transferred, that plaintiff should be single cell housed upon arrival, directing their attention to plaintiff's May 28, 2014 chrono referenced in the February 25, 2015 Classification Committee Chrono [filed in <u>Coleman v. Turner</u>, Case No. 2:13-cv-2322 CMK (E.D. Cal. June 19, 2015) (ECF No. 14 at 25)]. Plaintiff claims the 2014 chrono demonstrates that he should not have been double-cell cleared. It appears that at the time of the 2015 classification hearing, plaintiff was held in ad seg. (<u>Id.</u>)

Plaintiff provided the Renewal of Involuntary Medication Notice completed on June 10, 2015, by psychiatrist Damon Walcott, MD, stating that plaintiff has had a favorable response to the psychiatric medication ordered under California Penal Code § 2602, and was able to go from the Enhanced Outpatient Program ("EOP") level of care to the Correctional Clinical Case Management System ("CCCMS"). (ECF No. 74 at 10.) Plaintiff claims that since 1995 or 1996 he has always been at the CCCMS level of care and has never been at the EOP level of care. (ECF No. 14 at 23.)

As of October 22, 2015, the inmate locator website for the California Department of Corrections and Rehabilitation reflects that plaintiff remains housed at CSP-SAC, and was admitted to custody on June 18, 1991.

II. Legal Standards

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

III. Discussion

Here, the instant action is based on concrete actions that took place at CSP-SAC from 2011 to 2012, including, *inter alia*, a challenge to plaintiff's placement in a side-by-side bed cell rather than a bunk bed type cell. Plaintiff did not raise a claim that he was required to be housed in a single cell without a cellmate, and plaintiff's 2014 classification took place after he filed the instant action. Because plaintiff's new claims will not receive a hearing on the merits in this action, it is inappropriate for plaintiff to raise such new claims here.[1]

////

---

[1] In addition, plaintiff's efforts to raise unrelated claims in this 2013 action risk further delays if he seeks court intervention, because he is required to exhaust his administrative remedies as to such claims prior to filing them in federal court. (See ECF No. 67 at 3-5.) If plaintiff believes that prison officials are retaliating against him in response to his First Amendment activities, by revoking his single cell status, or by falsely accusing him of conduct linked to his mental illness, or has other new claims not at issue here, plaintiff must raise such claims by filing a 602 appeal through the third level of review. (Id.) There are time constraints involved in pursuing such administrative appeals or grievances, and plaintiff risks losing the ability to pursue such claims in federal court unless he complies with the administrative grievance process. Plaintiff may also file a health care appeal if medical staff fails to respond to his request for medical care.

Moreover, despite plaintiff being "cleared" for double cell housing in February of 2015, as of October 15, 2015, plaintiff was not double celled. Plaintiff claims he was only recently and "formally" made aware that his housing status changed, and the chrono does state that plaintiff refused to appear at the February 25, 2015 hearing. (Case No. 2:13-cv-2322 CMK (ECF No. 14 at 25.).) However, on June 19, 2015, plaintiff attached a copy of the February 25, 2015 chrono authorizing such double cell housing to a filing in his other case.[2] Id. Thus, court records reflect that plaintiff was aware of the decision to double cell house him at least as early as June 19, 2015, when he filed the chrono with the court. Also, plaintiff does not indicate how he was "formally" made aware of the change in housing status, and fails to identify the source of an imminent threat that he will be double celled. Plaintiff has previously filed motions for injunctive relief and was informed of the legal standards governing such a request. (ECF No. 30 at 2-3.)

In addition, findings and recommendations concerning plaintiff's alleged failure to first exhaust his administrative remedies are presently pending. Plaintiff filed objections, and the district court has not decided which claims will proceed. Thus, at present, plaintiff has no deadlines for filing in the instant action because the findings and recommendations are pending, and defendants have not filed an answer. Plaintiff is an articulate writer who timely responds when appropriate and court records reflect that he diligently prosecutes his actions. Although plaintiff is correct that he is not permitted to retain his legal materials in ad seg, prison regulations provide for inmates to obtain access to their legal materials. If plaintiff requires additional time to file a document with the court because of restricted access to his legal materials, plaintiff may seek an extension of time.

For all of these reasons, the court declines to construe plaintiff's filing as a request for injunctive relief, and finds that at this juncture the appointment of counsel is premature.

////

////

---

[2] In the committee comments section of the February 25, 2015 chrono, it states that the "committee elects to: . . . .place on D/C housing status. . . . Double Cell with compatible housing status based on no documented history of in cell violence, no predatory behavior, and no victimization concerns" Case No. 2:13-cv-2322 CMK (ECF No. 14 at 25.)

IV.  Conclusion

   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 74) is denied without prejudice.

Dated:  October 27, 2015

                 /s/ Kendall J. Newman
                 KENDALL J. NEWMAN
                 UNITED STATES MAGISTRATE JUDGE

cole1021.31(2)