UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:13-cv-1021 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff's civil rights action, filed pursuant to 42 U.S.C. § 1983, proceeds solely on plaintiff's equal protection claims against defendants Virga and DeRoco. (ECF No. 77.) On February 11, 2016, plaintiff filed a motion styled, "Motion for Relief Pursuant to Federal Rules of Civil Procedure 17(c)." (ECF No. 84.) As set forth below, plaintiff's motion is denied.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se

1  party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists,
2  and his medical history.  <u>Allen</u>, 408 F.3d at 1152-54.
3       A person's capacity to sue is measured by the standard of the law of his domicile.  Fed. R.
4  Civ. P. 17(b)(1).  "In California, a party is incompetent if he or she lacks the capacity to
5  understand the nature or consequences of the proceeding, or is unable to assist counsel in the
6  preparation of the case."  <u>Golden Gate Way, LLC v. Stewart</u>, 2012 WL 4482053, at *2 (N.D. Cal.
7  Sept. 28, 2012) (citing <u>In re Jessica G.</u>, 93 Cal.App.4th 1180, 1186 (2001); Cal. Civ. Proc. Code
8  § 372; and <u>In re Sara D.</u>, 87 Cal. App.4th 661, 666-67 (2001)).
9       Here, plaintiff has been diagnosed with paranoid schizophrenia.  (ECF No. 84 at 3, citing
10 ECF No. 1 at 30.)  Plaintiff has been involuntarily medicated pursuant to a <u>Keyhea</u> order.[1]  (ECF
11 No. 84 at 1.)  Plaintiff claims he is challenging the <u>Keyhea</u> order in state court, based on his belief
12 that the medication made his condition worse.  (ECF No. 84 at 2.)  Plaintiff states that in
13 September of 2015, he was released from administrative segregation and housed in a cell with a
14 regular bunk bed, without a cellmate.  Shortly thereafter, plaintiff claims that prison officials were
15 requiring him to accept a cellmate, despite his efforts to make "the administration" aware that an
16 error was made in lifting his "single cell status."  (ECF No. 84 at 2.)  On January 29, 2016,
17 plaintiff claims he was informed by a tower officer that plaintiff was being relocated to a cell with
18 a side by side bed, and that the order was coming from the administration.  (ECF No. 84 at 3, 12.)
19 Plaintiff claims that a facility sergeant told plaintiff that if he does not want to be housed in a side
20 by side bed, then he should revoke his lower bunk status or, if he wants single cell status, plaintiff
21 should accept a cellmate and then commit serious acts of violence against him.  (ECF No. 84 at 3,
22 12-13.)  Plaintiff contends that Rule 17(c) allows the court to "assess any order that would protect
23 plaintiff in the process of his litigation."  (ECF No. 84 at 1.)
24      The undersigned accepts plaintiff's representations that he suffers from a serious mental
25 illness for which he is being treated.  However, the undersigned observes that plaintiff's pleadings
26
27 [1] <u>See</u> <u>Keyhea v. Rushen</u>, 178 Cal. App. 3d 526 (1st Dist. 1986) (authorizing involuntary administration of psychotropic medications to prisoners pursuant to appropriate procedural
28 protections).

demonstrate that plaintiff appears to understand the nature and consequences of these proceedings. For example, plaintiff filed a coherent opposition to defendants' motion for summary judgment, including a properly-completed declaration and request for judicial notice. (ECF No. 46.) In addition, plaintiff recently propounded three different sets of discovery requests to defendants. (ECF No. 86.) Plaintiff's pleadings in the instant action, as well as his diligent prosecution of other active cases, demonstrate that plaintiff understands the nature and consequences of this action. Accordingly, plaintiff's motion for relief under Rule 17(c) is denied.

<u>Attempt to Renew Request for Injunctive Relief</u>

In his motion for relief under Rule 17(c), plaintiff confirms that his prior requests for injunctive relief and appointment of counsel have been denied. (ECF No. 84 at 1, citing ECF Nos. 18, 30, 61, 66, and 75.) He notes that the court previously found that his claims for injunctive relief were "unrelated to his claim in the second amended complaint, and that they occurred long after the incidents at issue herein," and "mandated" that plaintiff file a new civil suit after first exhausting his administrative remedies. (ECF No. 84 at 4, quoting ECF No. 18.) However, plaintiff now argues that his complaint bears some relationship to the subject of his original action, because his pleading challenged the "unlawful placement in a side by side bed." (ECF No. 84 at 4, citing ECF No. 25 at 7-8.) In addition, plaintiff argues that because the CDCR and prison officials refuse to address or correct his issues, then he is not required to file prison grievances on a matter that prison officials refuse to address. (ECF No. 84 at 4.)

Plaintiff is mistaken. As plaintiff was informed in ruling on the motion for summary judgment, the proper exhaustion of administrative remedies is mandated by the United States Supreme Court, <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002), and the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (ECF No. 67 at 3-6.) Thus, plaintiff is required to fully exhaust his administrative remedies, through the third level of review, prior to filing an action in federal court. Such exhaustion is required whether or not plaintiff agrees with the decisions rendered on his administrative appeals.

Plaintiff's claim against defendant Haring concerning side-by-side bed cell housing based on incidents in 2011 was dismissed from this action based on plaintiff's failure to first exhaust his

administrative remedies.[2]  (ECF No. 77.)  Thus, as plaintiff was previously informed, the new claims raised in his motion under Rule 17(c) will not receive a hearing on their merits, and any motion for injunctive relief concerning such claims would be futile if filed in this action.

In addition, plaintiff is presently pursuing a motion for temporary restraining order in Coleman v. Turner, Case No. 2:13-cv-2322 CMK, in which he challenges the removal of his single-cell status.  Id. ECF No. 14.  Moreover, in the same action, plaintiff filed a second supplemental complaint raising his side-by-side bed cell housing claim against defendant Haring.  Id. ECF No. 18.  It is unclear whether plaintiff will be permitted to pursue these claims in such action, but it is clear that plaintiff cannot pursue such claims in this action (ECF No. 77).

For all of these reasons, the court declines to construe plaintiff's motion for relief as a request for injunctive relief in this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief (ECF No. 84) is denied.

Dated:  March 3, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/cole1021.17c

---

[2] Plaintiff was previously informed of the exhaustion requirements.  Coleman v. Hubbard, Case No. 2:12-cv-0985 KJM KJN (E.D. Cal. July 25, 2012) (ECF No. 8 at 12).